UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHOENIX ENTERTAINMENT PARTNERS, § § § Plaintiff, § § v. § § ROBERT OLIVAS, BK VENTURES LLC, § D/B/A GREEN DOOR PUBLIC HOUSE, § BUTTONS FLY ZIPPERS INC., D/B/A § ZIPPERS, U-NJOI, INC., D/B/A UPTOWN § PUB, and GUILLERMO A. SOBALVARRO, § § Defendants. § | Case No. 3:16-cv-698-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendant U-NJOI, Inc. d/b/a Uptown Pub ("U-NJOI"). For the following reasons, the Motion [ECF #11] is GRANTED.

**Background**

This is an action for trademark infringement. In its original Complaint, which is the live pleading in this action, Plaintiff Phoenix Entertainment Partners alleges that it owns the federally registered trademark, "SOUND CHOICE," and associated protected trade dress, in connection with providing karaoke entertainment services. *See* Pl. Orig. Compl. at ¶¶45-47. Defendants BK Ventures LLC, Button Fly Zippers, Inc., and U-NJOI (together, the "Restaurant Defendants"), own and operate various restaurant and bar establishments in Dallas, Texas. *Id.* at ¶¶8-10. Defendant Robert Olivas and Guillermo Sobalvarro are mobile

1

"karaoke jockeys." *Id.* at ¶¶7, 11. Plaintiff alleges that Olivas and Sobalvarro have hosted karaoke shows at the Restaurant Defendants' establishments, during which the karaoke jockeys used counterfeit accompaniment tracks and displayed Plaintiff's trademark and protected trade dress without Plaintiff's permission. *See id.* at ¶¶56-64. Plaintiff further alleges that the Restaurant Defendants had the right to control the karaoke shows at their establishments and knowingly failed or refused to stop Olivas and Sobalvarro from improperly displaying Plaintiff's trademark and trade dress. *See id.* at ¶¶70-73. Based on this conduct, Plaintiff contends that the Restaurant Defendants are secondarily liable for the alleged infringement that occurred at their establishments during the karaoke shows. *Id.* at ¶74.

Defendant U-NJOI has filed a Rule 12(b)(6) motion to dismiss Plaintiff's claims against it on the ground that Plaintiff has failed to allege sufficient facts to establish the elements of secondary liability for trademark infringement. Specifically, U-NJOI contends that the test for vicarious trademark liability requires a showing that the defendant and the alleged direct infringer have a partnership and that Plaintiff has failed to allege facts to establish that such a relationship exists between U-NJOI and Olivas.[1] The motion has been fully briefed and is ripe for determination.

**Legal Standards**

To defeat a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] Plaintiff does not allege that Sobalvarro hosted any karaoke shows at U-NJOI's establishment. Pl. Orig. Compl. at ¶57.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact) [.]" *Twombly*, 550 U.S. at 555 (internal citations omitted).

## Analysis

Plaintiff contends that the Restaurant Defendants are vicariously liable for the infringement that allegedly occurred at their establishments when Olivas and Sobalvarro used counterfeit karaoke tracks bearing the SOUND CHOICE mark and trade dress. Pl. Orig. Compl. at ¶74. The test for vicarious trademark liability requires "a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Clearline Techns., Ltd. v. Cooper B-Line*, 871 F.Supp.2d 607, 613 (S.D. Tex. 2012) (citing *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992) and *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007)). By its motion, U-NJOI argues that Plaintiff's claims against it should be dismissed because Plaintiff did not plead the elements necessary to establish that U-NJOI can be held vicariously liable for Olivas's alleged infringement. The Court agrees.

As an initial matter, the Court observes that Plaintiff's original Complaint does not contain any specific allegations against U-NJOI. Instead, the Complaint contains only threadbare allegations that lump together all of the Restaurant Defendants. The Complaint generally alleges that Olivas and Sobalvarro "acted on behalf of" the Restaurant Defendants

and that the Restaurant Defendants "derive[d] value from the karaoke shows in the form of increased patronage and increased sales of food and beverages." Pl. Orig. Compl. at ¶¶62, 68. However, "courts do not recognize vicarious liability in the trademark context based on ability to supervise in combination with a financial interest." *Clearline Techns.*, 871 F.Supp.2d at 614 (citing *United States v. Washington Mint, LLC*, 115 F.Supp.2d 1089, 1106 (D. Minn. 2000)). In an effort to avoid dismissal, Plaintiff points out that its Complaint alleges that the Restaurant Defendants had the right to control "the means and details" of the karaoke jockeys' conduct, including:

> controlling the dates and starting and stopping times of shows, determining whether particular content (such as offensive-language content) is permitted to be played at shows, determining the style and genre of music played at shows, and determining whether [the karaoke jockey] is permitted to use the [Restaurant] Defendant's equipment (such as television displays) as part of the shows.

Pl. Orig. Compl. at ¶71. These allegations fall far short of pleading that any Restaurant Defendant had an actual or apparent partnership with Olivas or had sufficient control over his conduct with respect to the alleged improper use of Plaintiff's trademark or protected trade dress to impose liability for any alleged infringement. Therefore, the Court determines that Plaintiff's allegations fail to state a plausible claim for vicarious trademark liability against Defendant U-NJOI.

    U-NJOI also contends that Plaintiff has failed to state a claim against it for contributory trademark infringement.  However, in its response to U-NJOI's Motion, Plaintiff specifically disclaims any intention to impose liability on U-NJOI based on contributory infringement. Pl. Resp. [ECF #19] at 4, n.4. Accordingly, the Court does not address this argument.

**Conclusion**

The Court GRANTS Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [ECF #11]. Plaintiff's claims against Defendant U-NJOI are hereby DISMISSED without prejudice and with leave to replead.

Plaintiff shall have until March 24, 2017, to file an amended Complaint addressing, if it can, the deficiencies addressed herein. Failure to amend by that date will result in Plaintiff's claims against U-NJOI being dismissed with prejudice.

**SO ORDERED**.

February 27, 2017.

_____
BARBARA M. G. LYNN
CHIEF JUDGE